## TIOGA COUNTY v. SOUTH CREEK TOWNSHIP.

An order of removal of a pauper not appealed from, is final and conclusive as to the settlement of the pauper.

The phrase, "no interest or policy of law," in the act of 1869, *held*, to mean that which, before the passage of that act excluded parties from testifying in their own suits, or where they had any interest in the subject matter in controversy.

**Appeal from the Quarter Sessions of Bradford county.**

Opinion delivered March 23, 1874, by

GORDON, J. This case might well have been decided on the ground that the order of removal of 16th December, 1871, never having been appealed from, was final and conclusive as to the settlement of the pauper. That order was well executed by his delivery to the commissioners of Tioga county, though directed to the overseers of Covington township, because the commissioners represented the several poor districts of that county. Instead of returning the pauper to South Creek township, they should have appealed to the next court of quarter sessions. Not having done so, the order became conclusive and amounted to a final adjudication. Sugar Creek v. Washington, 12 P. F. S. 479.

It was, however, properly decided in the court below upon the evidence. The determination of the case depended upon the question of the admissibility of the testimony of the parents to bastardize their child born to them after wedlock. Exclude this, and nothing is left to controvert the fact that the settlement of the pauper was in Covington township, for that was the settlement of his father, and there is no evidence whatever going to show that he had gained a new one for himself.

That issue born in wedlock, though begotten before, is presumptively legitimate, is an axiom of law so well established, that to cite authorities in support of it would be a mere waste of time. So the rule that the parents will not be permitted to prove non access for the purpose of bastardizing such issue, is just as well settled. Many reasons have been given for this rule. Prominent among them is the idea that the admission of such testimony would be unseemly and scandalous, and this not so much from the fact, that it reveals immoral conduct upon part of the parents, as because of the effect it may have upon the child, who is in no fault, but who must nevertheless be the chief sufferer thereby. That the parents should be permitted to bastardize the child, is a proposition which shocks our sense of right and decency, and hence the rule of law which forbids it. But the counsel for the appellant insists that the case is within the perview of the act of 1869. The language of that act at first blush might seem to include a case of this kind. "*No interest or policy of law* shall exclude a party or person from being a witness in any civil proceeding." The words we have italicized are those relied upon to support the appellant's theory. But when we come to consider the fact that "*the interest or policy of law*" which the legislature had in view in passing that act, was

that which, before that time, excluded parties from testifying in their own suits, or where they had an interest in the subject matter in controversy, it becomes obvious that a case such as the one under discussion was not in the legislative mind when that act was passed. It would, therefore, be an unnecessary and violent construction of the statute to make it include a "policy of law" wholly different from that under contemplation when it was framed. We therefore, without hesitation, adopt the view taken of this question by the learned judge of the court of quarter sessions, and agree with him that the act of 1869 was not intended to abolish a valuable rule of law founded in good morals and public decency.

The testimony of Amos Houghland, the father of the pauper, to establish duress in his marriage was properly disregarded. He was thoroughly contradicted by all the witnesses who were present at the ceremony, and it would have been gross error to have treated the marriage as void upon evidence so unreliable.

Finding no error in the ruling of the court below the judgment is affirmed.